UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO AGUILERA PEREZ, | No. 1:26-cv-01595-DC-SCR |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WARDEN, GOLDEN STATE ANNEX, et al., | |
| Respondents. | |

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

Petitioner is a native of Venezuela who was paroled into the United States on May 2, 2023 pursuant to Section 212(d)(5) of the Immigration and Nationality Act. ECF No. 1 at 3. He was re-detained at an agricultural checkpoint and is currently in custody at the Golden State Annex. ECF No. 1 at 4. Following his release, petitioner applied for asylum and obtained a work permit that is valid until 2029. ECF No. 1 at 4.

The undisputed record in this case demonstrates that petitioner was released by ICE premised upon either an explicit or implicit finding that he was not dangerous or a flight risk. While on release, petitioner did not commit any crimes and there is no record before the Court that petitioner failed to comply with any conditions of his release. Nor is there evidence in the

1

record that petitioner is subject to a final order of removal.  Considering all of these factors, and consistent with the court's analysis in D.L.C. v. Wofford, et al., 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026), which the undersigned adopts herein, the Court finds that petitioner's Fifth Amendment right to procedural due process was violated by his re-detention.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be granted on count one based on a violation of petitioner's Fifth Amendment right to due process.[1]

2. Respondents' motion to dismiss (ECF No. 5) be denied.

3. Respondents be directed to release petitioner immediately from their custody with the same conditions he was subject to immediately prior to his redetention.  Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

4. If the government seeks to re-detain petitioner, it must provide no less than seven (7) days of notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which petitioner's eligibility for bond must be considered.

5. Respondents be ordered to submit a notice of compliance with any order issued by this court.

6. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties

---

[1]  In the interests of judicial economy, the remaining claim in the § 2241 petition is not addressed herein.

2

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 15, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE